UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVARIEN Z. DUNLAP,<br><br>Plaintiff,<br><br>v.<br><br>M & O MART DELI,<br><br>Defendant. | Case No. 25-cv-08648-LJC<br><br>**AMENDED ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**AMENDED ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 3 |

## I.    INTRODUCTION AND IFP APPLICATION

Plaintiff Jevarien Dunlap, pro se, applies to proceed in forma pauperis (IFP). *See* ECF No. 3. Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Dunlap's Complaint against Defendant M & O Mart Deli to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, Dunlap is ORDERED TO SHOW CAUSE why the Complaint should not be dismissed. Dunlap must file no later than four weeks from the date of this Order either: (1) an amended complaint that cures the defects identified in this Order; or (2) a response to this Order explaining why the current Complaint is sufficient to proceed. If Dunlap does not file either an amended complaint or a response by that deadline, or fails to cure the defects identified in this Order, the case will be reassigned to a district judge with a recommendation that it be dismissed.

The case management conference previously scheduled for February 12, 2026 is CONTINUED to May 14, 2026 at 1:30 PM, to occur via Zoom webinar videoconference. Access instructions are available at https://cand.uscourts.gov/ljc/. Dunlap must file a case management statement no later than May 7, 2026. If Defendant has been served and appeared by that date, Defendant must also file a case management statement by the same deadline, or the parties may

United States District Court
Northern District of California

file a joint case management statement.

## II.     THE COMPLAINT

Dunlap brings this action against Defendant M & O Mart Deli, which is located in Richmond, California.  Compl. (ECF No. 1 ) at 2.  Dunlap asserts federal question subject matter jurisdiction under 28 U.S.C. § 1331, but in a section of the form complaint that calls for "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Dunlap states only: "Assault & Injury, Battery."  Compl. at 3.  Dunlap's entire statement of the claim reads: "an employee there attacked me."  Compl. at 4.

## III.     LEGAL STANDARD

When an application to proceed in forma pauperis has been granted, the Court must then evaluate the sufficiency of his Complaint under 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  When a complaint fails to state a claim on which relief may be granted, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff is proceeding in forma pauperis.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In other words, the Complaint needs to include *facts*, not just the

United States District Court
Northern District of California

2

type of legal claim the plaintiff asserts.  In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Furthermore, federal courts are courts of limited subject matter jurisdiction, and a plaintiff must provide a sufficient explanation of why this case falls within that jurisdiction.  Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

## IV.    ANALYSIS

Dunlap asserts federal question jurisdiction under 28 U.S.C. § 1331, but fails to identify any federal law at issue.  Claims for assault and battery generally arise under state law rather than federal law.  *See, e.g.*, *Nyland v. Rooke, LLC*, No. 2:15-cv-01670 JWS, 2016 WL 837796, at *3 (D. Ariz. Mar. 4, 2016) (finding no basis for federal subject matter jurisdiction over "a state law claim . . . for assault and battery").  Dunlap has not identified any federal law that would support such a claim in this case.  The Court therefore lacks subject matter jurisdiction under § 1331, and no other basis for subject matter jurisdiction is apparent.[1]  Dunlap is ORDERED TO SHOW

---

[1] Dunlap's Complaint suggests that both Dunlap and M & O Deli are citizens of California, which would mean Dunlap cannot establish jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). *See* Compl. at 1–2, § I.  Nor has Dunlap invoked that jurisdictional statute in the present Complaint.  But if Dunlap believes the facts support diversity jurisdiction, Dunlap may include allegations to that effect in an amended complaint.

United States District Court
Northern District of California

CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.

Dunlap's mere assertion that "an employee there attacked" Dunlap, Compl. at 4, § III, likely does not include sufficient facts to state a plausible claim for assault or battery. The Supreme Court has held that "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "mere conclusory statements." *See Iqbal*, 556 U.S. at 678–79. Here, it is not clear that Dunlap has alleged all elements of the claims he brings, even in a "threadbare" or "conclusory" manner. *See id.*

> The elements of a cause of action for assault are: (1) the defendant acted with intent to cause harmful or offensive contact, or threatened to touch the plaintiff in a harmful or offensive manner; (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm.
>
> The elements of a cause of action for battery are: (1) the defendant touched the plaintiff, or caused the plaintiff to be touched, with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by the defendant's conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the touching.

*Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 890 (2014) (citations omitted; paragraph break added).

Dunlap has not included any factual allegations regarding the circumstances of the alleged attack, such as how the employee allegedly touched or threatened Dunlap. On the other hand, he asserts relatively straightforward claims, and filings by pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Because the Court appears to lack subject matter jurisdiction, the Court need not decide whether Dunlap has included sufficient factual allegations to state a viable claim on which relief may be granted. If Dunlap chooses to amend the complaint to attempt to cure the apparent lack of subject matter jurisdiction, however, Dunlap is encouraged to include additional factual allegations regarding the events at issue.

United States District Court
Northern District of California

**V.    CONCLUSION**

For the reasons discussed above, Dunlap is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.  Dunlap must file no later than four weeks from the date of this Order either: (1) an amended complaint that cures the defects identified in this Order; or (2) a response to this Order explaining why the current Complaint is sufficient to proceed.

If Dunlap files an amended complaint, it must list the same case number as this Order (25-cv-08648) and must include all of the claims Dunlap wishes to assert and all of the defendants Dunlap wishes to sue.  An amended complaint completely replaces an original complaint and cannot rely on the contents of the original complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Dunlap does not respond to this Order as required above, this case may be dismissed for failure to prosecute and failure to comply with a court order, in addition to the other grounds for dismissal identified in this Order.

If Dunlap continues to proceed without an attorney, the Court encourages Dunlap to review the section "Representing Yourself" on the Court's website, located at https://www.cand.uscourts.gov/pro-se-litigants/.  Dunlap is also encouraged to contact the Court's Legal Help Centers.  Attorneys at the Legal Help Centers can provide basic assistance and advice to parties representing themselves but cannot provide legal representation.  Dunlap may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: January 27, 2026

LISA J. CISNEROS
United States Magistrate Judge